IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PENNY DENTON,**

    **Plaintiff,**

    v.                                                Case No. 2:11-cv-0716
                                                        JUDGE SMITH

**FAIRFIELD MEDICAL CENTER,**                **Magistrate Judge Kemp**

    **Defendant.**

## OPINION AND ORDER

This is a claim for damages brought by Plaintiff Peggy Denton (Denton) against her former employer Fairfield Medical Center (FMC) for violations of the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* and Ohio's Disability Discrimination Law, Ohio Rev. Code §4112.01, *et seq*. This matter is before the court on Defendant's motion to dismiss the Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.**     **Factual and Procedural Background**

Plaintiff was employed by Defendant continuously from 1990 until she was discharged on or about May 3, 2011.[1] In February 2011, Plaintiff broke her foot and required surgery. Plaintiff timely requested FMLA leave which was apparently granted. She returned to work on April 11, 2011. On May 2, 2011, Plaintiff was provided with a "Designation Notice" indicating that her FMLA leave had been exhausted. The following day, on May 3, 2011, Plaintiff was informed that

---

[1]The Amended Complaint is silent as to the nature of employment Plaintiff held with Defendant. There are no facts alleged concerning her job title, duties, or performance history.

1

her job was going to be "posted" and that she had thirty days in which to find another position at FMC. Plaintiff was sent home from work on May 30, 2011 and was not allowed to return to work for FMC. During the following thirty day period, Plaintiff applied for numerous unidentified positions at FMC for which she alleges she was well qualified, but received only one interview and was not offered any position. Plaintiff alleges that other applicants who were equally and/or less qualified than her were hired into those positions.

On August 8, 2011, Plaintiff filed an initial Complaint against FMC. Defendant filed a Motion to Dismiss on October 6, 2011. In lieu of responding to the initial Motion to Dismiss, Plaintiff filed an Amended Complaint on October 12, 2011. Defendant then filed the instant Motion to Dismiss the Amended Complaint on October 25, 2011. Defendant argues that Plaintiff's complaint fails to state a claim under the FMLA for either interference with her FMLA rights or for retaliation for exercising those rights. Defendant also argues that Plaintiff has not established that she is a person with a disability and therefore cannot maintain a claim for violation of Ohio's disability discrimination law codified at Ohio Rev. Code §4112, *et seq*.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to

2

relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III.   Discussion**

    **A.   Family Medical Leave Act**

The FMLA entitles "an eligible employee to take not more than 12 weeks of unpaid leave, or substituted paid leave, for reasons that include a serious health condition that makes the employee unable to perform the functions of his position." *Harris v. Metro. Gov't of Nashville and Davidson County*, 594 F.3d 476, 482 (6th Cir. 2010) (citing 29 U.S.C. 2612(a) and (d)). Under the Act, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the FMLA]." 29 U.S.C. § 2615(a)(1). It is further unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful [by the FMLA]." 29 U.S.C. § 2615(a)(2). Thus, an employer may not interfere with an employee's FMLA rights or retaliate against an employee for taking FMLA leave. *Hunter v. Valley View Local Schools*, 579 F.3d 688, 690 (6th Cir. 2009); *see Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006) (recognizing that subsections (a)(1) and (a)(2) of 29 U.S.C. § 2612 establish two distinct theories of recovery under the FMLA: those of entitlement (interference) and of retaliation)). Plaintiff alleges both an interference claim and a retaliation claim under the FMLA.

    **1.   Interference claim**

In her Amended Complaint, the Plaintiff alleges that the Defendant violated the FMLA by "not providing Plaintiff with 12 weeks of protected FMLA leave." To establish an interference claim under the FMLA, Plaintiff must prove that: (1) she is an "eligible employee," (2) Defendant is an "employer," (3) she was entitled to leave under the FMLA, (4) she gave Defendant notice of her intention to take leave, and (5) Defendant denied her the FMLA benefits to which she was

4

entitled. *See Cavin v. Honda of Am. Mfg.*, 346 F.3d 713, 720 (6th Cir. 2003).

Although Plaintiff has alleged facts sufficient to meet the first four elements of a prima facie interference claim under the FMLA, she has failed to allege any facts supporting the fifth element. Plaintiff does not allege a single fact that would suggest that the Defendant denied her benefits or interfered with her FMLA rights. Plaintiff alleges that she sought FMLA leave in February of 2011. She further alleges that she returned from FMLA leave in April of 2011. Clearly, during that time period, she was granted – not denied – her FMLA leave. Although she alleges that Defendant erroneously informed her that her leave was exhausted, Plaintiff does not allege that this error interfered with any attempt to take FMLA leave at any later point. She does not allege, nor can it be reasonably inferred, that she subsequently requested additional FMLA and was denied her right to do so based on an allegedly erroneous calculation. Rather, she appears to be asserting that because she was erroneously notified that her FMLA leave had been exhausted, this error in and of itself constitutes a violation of the FMLA. Standing alone, this does not amount to a denial of benefits.

The allegations in the Amended Complaint simply fail to contain any factual assertion that she was denied FMLA benefits. Accordingly, Plaintiff has failed to state a claim for interference under the FMLA and Defendant's motion on this claim is GRANTED.

2. **Retaliation**

The FMLA makes it unlawful for an employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C.§2615(a)(2). An employer "'cannot use an employee's taking of FMLA leave as a negative factor in employment actions.'" *Arban v. West Pub. Corp.*, 345 F.3d 390, 403 (6th Cir. 2003)

5

(quoting 29 C.F.R. 825.220(c)). In order to allege a claim for retaliation under the FMLA, Plaintiff must allege that she "(1) engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity." *Davis v. Wayne State Univ.,* No. 11-10324, 2011 U.S. Dist. LEXIS 76909 (E.D. Mich. July 15, 2011) (citing *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007)).

Defendant argues that the Plaintiff's Amended Complaint fails to plead the required elements of a retaliation claim and that, in general, her Amended Complaint, is conclusory. Defendant compares Plaintiff's Amended Complaint with that in *Khalik v. United Air Lines,* 2010 U.S. Dist. LEXIS 129598 (D. Colo. Dec. 7, 2010). In *Khalik*, the plaintiff's FMLA claim was denied because she failed to provide sufficient factual allegations, including "when she sought leave, why she sought leave, or the reasons for the denial." *Id.* Here, Plaintiff asserts that her Amended Complaint sets forth sufficient facts to withstand a motion to dismiss.

Plaintiff has sufficiently alleged both of the first two elements: 1) that she was engaged in a statutorily protected activity (taking FMLA leave) and 2) that she suffered an adverse employment action (termination and/or failure to rehire). The Plaintiff's complaint fails to state a claim for relief, however, because she has failed to allege sufficient facts from which the court could plausibly infer that there was a causal connection between the adverse employment action and the protected activity. The only factual allegation contained within the Amended Complaint which might be relied upon to establish a causal connection is the temporal proximity between the taking of FMLA leave and the termination. This single allegation, however, is insufficient to plausibly state a claim for relief.

Plaintiff alleges that she returned from FMLA leave in April and was terminated approximately three weeks later in May. Plaintiff's Amended Complaint contains no other facts relating to her termination. The Sixth Circuit has cautioned against "drawing an inference of causation from temporal proximity alone." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010); *see also Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 737 (6th Cir. 2006) (temporal proximity alone is insufficient to find a causal connection). Plaintiff has made no allegation of any other retaliatory conduct, such as being harrassed or otherwise mistreated, from which the court could conclude that Plaintiff has alleged a sufficient causal connection between the exercise of her FMLA rights and either the termination or failure to rehire. *See Randolph*, 453 F.3d at 737 (allegations that the plaintiff was subjected to rumors about her inappropriate behavior with co-workers, and an investigation into those allegations, coupled with temporal proximity sufficient to allege a causal connection); *Demayanovich v. Cadon Plating & Coatings, LLC*, No. 10-15119, 2011 U.S. Dist. LEXIS 80752 (E.D. Mich. July 25, 2011) (retaliation claim stated where employee alleged he was informed that his FMLA absences were being used against him for purposes of administering the employer's attendance policies and was fired for violating those policies). In fact, rather than alleging any mistreatment, Plaintiff alleges that she was "welcomed back" after her FMLA leave. Without more than a temporal link between the exercise of a right and termination of employment, Plaintiff fails to plausibly allege the requisite causal connection.

Finally, Plaintiff makes the bare and conclusory allegation that Defendant used her FMLA leave as a "negative factor" in terminating her and in failing to re-hire her into a new position with Defendant. Simply alleging that FMLA leave was a "negative factor" leading to termination is

insufficient to state a claim. *Finch v. Pulte Homes, Inc.*, No. 11-11301, 2011 U.S. Dist. LEXIS 86583 (E.D. Mich. Aug 5, 2011) (employee's recitation that the employer "us[ed] his condition as a negative factor in both assigning additional work and ultimately in terminating [his] employment" did not plausibly state a claim for retaliation).

Accordingly, Defendant's Motion to Dismiss Plaintiff's FMLA Retaliation claim is **GRANTED.** Plaintiff's federal claims against Defendant are therefore DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6).

The court declines to exercise supplemental jurisdiction over the remaining state law claims asserted against Defendant. *See*, *Woods v. Lagrange*, No. 3:05 CV 7060, 2006 U.S. Dist. LEXIS 6872 (N.D. Ohio Feb. 23, 2006) (court has discretion to decline to exercise supplemental jurisdiction over state claims once federal claims have been dismissed). Thus, Plaintiff's state law claims are DISMISSED without prejudice.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 5).

The Clerk shall remove Document 5 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                         *s/ George C. Smith*
                                         **GEORGE C. SMITH, JUDGE**
                                         **UNITED STATES DISTRICT COURT**